UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN F. HUBER | * | **CIVIL ACTION** |
| Plaintiff | | |
| | * | **NO. _____** |
| VERSUS | | |
| | * | **SECTION:          MAG: (   )** |
| UNITED STATES OF AMERICA | | |
| Defendant | * | **COMPLAINT UNDER FEDERAL TORT CLAIMS ACT** |

## COMPLAINT

Plaintiff, John F. Huber, a person of the age of majority, and residing in Orleans Parish, State of Louisiana complains against defendant, the United States of America, alleging:

## JURISDICTION

1. The jurisdiction of this court is based upon the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680 and 28 U.S.C. § 1331.

2. Plaintiff is a citizen of the United States and of the full age of majority.

3. Plaintiff filed an administrative claim, Standard form 95 and attachment, with the Southeast Louisiana Veterans Health Care System of New Orleans in New Orleans, Louisiana, via certified mail on May 29, 2018 as required by 28 U.S.C. § 2675(a), and was notified by the Office of General Counsel of its receipt of plaintiff's "tort claim" by letter dated June 12, 2018.

4. The plaintiff was notified by certified letter dated July 15, 2019 that his claim was denied. Accordingly, pursuant to 28 U.S.C. § 2401(B) suit is timely if filed within six(6) months of the date of letter denying plaintiff's claim.

## **VENUE**

5.      Venue is proper under 28 U.S.C. § 1402(b) because all of the acts and omissions complained of herein occurred in Orleans Parish, Louisiana, within the Eastern District of Louisiana, New Orleans Division.

## **CLAIM FOR RELIEF**

1.

Plaintiff, John F. Huber, is a disabled veteran who has received treatment for years at the Veteran's Administration Medical Center and rehabilitation facility in New Orleans, Louisiana, or Southeast Louisiana Veterans Health Care System of New Orleans –an agency and/or instrumentality of defendant, United States of America. (Veteran's Hospital)

2.

In 2010 Mr. Huber began taking NSAID medication prescribed by VA physician Dr. Louis Chavez. Mr. Huber took these medications consistently for six years through mid-2016. The NSAID medications included Ibuprofen, Naproxen, and Meloxicam at prescribed maximum dosage.

3.

In April, 2016, Dr. Christopher Westley reviewed Mr. Huber's physical status. Dr. Westley's office notes state that Mr. Huber was still taking 15 mg. Meloxicam at that time. He further suggested that Mr, Huber had kidney problems and recommended dietary changes and ceasing NSAID. Mr. Huber was concerned about possible kidney problems and decided to get a second opinion to determine the nature and extent of his kidney difficulties.

4.

Mr. Huber sought treatment at Ochsner Clinic in June, 2016. He visited Dr. Ivestar who referred Mr. Huber to Ochsner nephrologist Dr. Antonio Jimenez. Dr. Jimenez examined Mr. Huber on June 28, 2016. After examination, Dr. Jimenez June 28, 2016 office records show:

"Assessment:…CKD unlikely at this time."

5.

Mr. Huber had followed up properly to investigate the VA's assessment that he suffered with CKD. Ochsner nephrologist Jimenez apparently disagreed with the VA's assessment after his examination of Mr. Huber on June, 28, 2016. This left Mr. Huber in a state of confusion with Ochsner stating that CKD was unlikely.

6.

Mr. Huber continued treatment with Ochsner and was referred to Ochsner nephrologist Dr. Teresa Liccardi. Mr. Huber attests that it was not until the September 28, 2017 visit to Dr, Liccardi that he was fully apprised of the full extent of the NSAID damage to his kidneys, and that he would likely need dialysis in the future.

7.

The September 28, 2017 visit to Dr. Liccardi was the first occasion that Mr. Huber was fully apprised and made aware of the full extent of the actual damage to his kidneys, **that is potential kidney failure and dialysis**, caused by the prolonged use of NSAIDS.

8.

Mr. Huber alleges that the VA physicians and staff negligently prescribed NSAID medication for over six years causing irreparable, ongoing, continuous, and cumulative damage to his kidneys.

9.

Mr. Huber alleges that the VA physicians and staff failed to properly warn Mr. Huber of the potential danger presented by prolonged use of NSAIDS.

10.

Mr. Huber further alleges that VA physicians and staff failed to properly monitor Mr. Huber's ongoing laboratory results so that remedial and preventive measures could be taken to prevent damage to his kidneys.

11.

The physicians and any other health care providers responsible for Mr. Huber's care and treatment fell below the applicable standards of care in the following non-exclusive respects:

a) Negligent prescribing of NSAIDS over an excessive and prolonged period resulting in kidney damage and potential dialysis;

b) Failure to properly warn Mr. Huber of the potential danger of prolonged NSAID usage;

c) Failure to properly monitor Mr. Huber's ongoing condition and laboratory results so that remedial and preventive measures could be taken to prevent damage to his kidneys;

d)  Any and all other allegations of negligence that may be discovered during the proceedings or at trial of this matter.

12.

At all relevant times and dates herein, the VA Hospital physicians and staff, and other health care providers responsible for Mr. Lebeau's care and treatment were employees and/or agents of the VA Hospital, Southeast Louisiana Veterans Health Care System of New Orleans and acting within the scope of their offices and/or employment, which agency is therefore responsible, both independently and vicariously, for their negligent acts and/or omissions.

13.

Plaintiffs aver that the professional negligence and medical malpractice of the VA physicians, staff, nurses and other health care providers as set forth above was the factual, legal and proximate cause of, or substantial contribution to Mr. Huber's damages, physical and mental pain and suffering, loss of enjoyment of life, loss of a chance of a successful outcome, future medical care from and including the date of the malpractice, including potential kidney dialysis or transplant, probable complications of future treatment, said damages in the full amount of TWO MILLION DOLLARS($2,000,000).

WHEREFORE, plaintiffs respectfully pray for judgment against the defendant as follows:

I.  For damages in the sum of $2,000,000.00 plus interest and costs; and

II.  For such other and further relief as the court may deem just and proper in the premises.

III.  Plaintiff requests a trial before a jury.

Respectfully Submitted,

s/ Charles G. Justice, III

_____
CHARLES G. JUSTICE, III (Bar Roll No.: 24483)
635 St. Charles Avenue
New Orleans, LA 70130
Telephone: 504-525-7575
Facsimile: 504-525-7577
Email: justc@bellsouth.net